CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY - 7 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ANDREW WOLTERS,
    Plaintiff,

Civil Action No. 7:12-cv-00006

v.

MEMORANDUM OPINION

COMMONWEALTH OF VIRGINIA, et al.,
    Defendants.

By:  Hon. Jackson L. Kiser
       Senior United States District Judge

    Andrew Wolters, a federal inmate proceeding pro se, filed a complaint and a statement of assets in January 2012. By Order entered February 7, 2012, the court assessed a $350 filing fee and granted plaintiff fifteen days from the date of the Order to file a complete application to proceed in forma pauperis. The court provided plaintiff with a form inmate account report that specifically requested data for the six-month period before January 2012. The court needed this information to determine a payment schedule, pursuant to 28 U.S.C. § 1915(a). The court advised plaintiff that failure to return the required paperwork would result in dismissal of this action without prejudice. Plaintiff requested and received an extension of time until March 28, 2012, to comply with the February 7, 2012, Order.

    On February 24, 2012, the court received plaintiff's first attempt to comply with the Order. This first filing is an uncertified "Inmate Inquiry" computer printout dated February 19, 2012. This printout alleges plaintiff had $84.55 balance and reports transactions as old as September 2011 and average balances as of August 2011. On February 27, 2012, the court received plaintiff's second attempt to comply with the Order. This second filing is a certified inmate account report, describing transactions as old as September 2011 and average balances as of August 2011. On March 2, 2012, the court received a letter from plaintiff, asking the court to look at the financial data he provided in another action, Wolters v. Holder, No. 7:12-cv-0056.

The inmate account report in that action was certified and reports transactions as old as September 2011 and average balances as of August 2011.

None of plaintiff's submissions report the six-month period between July and December 2011, the applicable six-month period before plaintiff instituted this action in January 2012. The court cannot determine the appropriate filing fee assessment, pursuant to 28 U.S.C. § 1915(b), and plaintiff has failed to comply with the February 7, 2012, Order. Accordingly, this action must be dismissed without prejudice for plaintiff's failure to comply and to pay the filing fee or properly document his application to proceed in forma pauperis. Plaintiff may refile his claims in a new and separate action at the time he can pay the $350 filing fee or file the necessary documents to proceed in forma pauperis.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 7th day of May, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge